United States District Court
District of Massachusetts

|  |  |
|---|---|
| **Bishop Ruben DeWayne,**  )<br>   )<br>      Plaintiff,  )<br>   )<br>      v.  )<br>   )<br>**J.P. Morgan Mortgage Acquisition**  )<br>**Corp. and Mortgage Electronic**  )<br>**Registration Systems, Inc.,**  )<br>   )<br>      Defendants.  )<br>   ) | Civil Action No.<br>22-11121-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from a dispute over mortgage payments on property located at 53 Charlotte Street, Dorchester, Massachusetts ("the Property"). Bishop Ruben DeWayne ("DeWayne" or "plaintiff") brought this action challenging the validity of the mortgage against J.P. Morgan Mortgage Acquisition Corp. ("JP Morgan Mortgage") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "the defendants"). His complaint asserts claims against defendants for purported violations of M.G.L. c. 244 § 14 and M.G.L. c. 93A, as well as a Massachusetts "try title" action. Defendants have moved to dismiss the complaint (Dkt. No. 6) and plaintiff has not opposed the motion. For the following reasons, defendants' motion will be allowed.

I.  **Background**

This case was filed in Massachusetts Land Court in June, 2022, before being removed to this Court the following month on grounds of diversity jurisdiction.[1]  According to his complaint, DeWayne is the record owner of the Property by way of a quitclaim deed granted to him by its former owner, Leitta Brooks ("Brooks") in October, 2015.  Brooks executed a promissory note in the principal amount of $500,000 in May, 2007, with First National Bank of Arizona ("the Note").  The Note was secured by a mortgage on the Property and was held by MERS and MERS's successors and assigns ("the Mortgage").  In September, 2014, MERS assigned the mortgage to JP Morgan Mortgage.  Both the original mortgage and the assignment were recorded in the Suffolk County Registry of Deeds.  Plaintiff, who did not obtain an interest in the Property until more than a year after the assignment, is not a party to either the Mortgage or the Note.

During the past several years, the Property, Mortgage and Note have been the subject of numerous lawsuits filed in Massachusetts and elsewhere.  In fact, this case is the fourth

---

[1] Plaintiff included a unilateral "Change of Venue requirement" in his complaint that purported to require a change of venue to the "U.S. District of Columbia" if the case were removed to federal court, as well as joinder of the United States as a defendant. Dkt. No. 1-2, at 9.  The Court will construe those allegations as motions seeking the same.  The requested change of venue is neither assented-to nor in the interest of justice and will be denied, see 28 U.S. Code § 1404, and the purported joinder of the United States as a defendant is without merit and will be denied, see Fed. R. Civ. P. 19 and 20.

lawsuit that plaintiff has brought in Massachusetts with respect to the Property. Each of the three previous cases was decided against plaintiff in federal court on a motion to dismiss on the merits. See DeWayne v. First Nat'l Bank of Arizona, 15-cv-14245, 2016 WL 6662678 (D. Mass. Nov. 11, 2016) ("DeWayne I"); DeWayne v. MERS, Inc. et al., No. 17-cv-10139, 2017 WL 2983085 (D. Mass. July 12, 2017) ("DeWayne II"); DeWayne v. JP Morgan Mortg. Acquisition Corp., No. 18-CV-10931, 2018 WL 6441029 (D. Mass. Dec. 7, 2018) ("DeWayne III"). Defendants move to dismiss this incarnation of the dispute pursuant to Fed. R. Civ. P. 12(b)(6) based upon the doctrine of res judicata.

**II. Motion to Dismiss**

   **A. Legal Standard**

   To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not

disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. at 12.  Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

A court may consider the affirmative defense of res judicata on a Rule 12(b)(6) motion to dismiss if definitively ascertainable facts conclusively establish its applicability. See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).  In deciding a motion to dismiss, a court typically may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

A court may, however, consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  Extrinsic public documents that are a matter of official public record may be considered, including the record of the purportedly preclusive action(s) if a "motion to dismiss is premised on a defense of res judicata." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

**B. Application**

Defendants have moved to dismiss the complaint as barred by the doctrine of res judicata.  Res judicata precludes a plaintiff from pursuing claims that were litigated in an earlier action, as well as those that were not previously litigated but could have been. Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005); Silva v. City of New Bedford, 660 F.3d 76, 78 (1st Cir. 2011).  An earlier judgment has preclusive effect if 1) the prior action resulted in a final judgment on the merits, 2) the causes of action alleged in the subject suits are sufficiently identical and 3) the parties are likewise sufficiently identical or closely related. Kobrin, 832 N.E.2d at 634; Airframe Systems, Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

All three requirements for res judicata are satisfied in this case.  First, as noted above, there have been three prior final judgments on the merits entered against DeWayne in the District of Massachusetts alone. See Airframe Sys., Inc., 601 F.3d at 14 (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)) (holding that a dismissal for failure to state a claim is "a final judgment on the merits").  The second and third judgments, in DeWayne II and DeWayne III, were themselves entered on the grounds that plaintiff's claims were barred by the doctrine of res judicata.

Second, there is sufficient identity between the causes of action asserted in the three prior cases and those asserted here. A cause of action is considered identical to another if both derive "from the same transaction or series of connected transactions." McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006) (citation omitted). This transactional test asks, in essence, "whether the causes of action arise out of a common nucleus of operative facts." Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998).

Although plaintiff has dressed his old claims in new clothing, the facts that support such claims are the same as those alleged in his prior actions. See Herman v. Meiselman, 541 F.3d 59, 62 (1st Cir. 2008) (holding that a common nucleus of the same "set of facts may give rise to multiple counts" but will nonetheless represent "one cause of action" for purposes of res judicata) (quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583-84 (1st Cir. 1995)). DeWayne's central contention in all four actions is that the assignment of the mortgage from MERS to JP Morgan Mortgage was fraudulent and invalid. His various causes of action have all involved the same property, the same promissory note, the same mortgage and the same set of transactions between the same parties. Thus, the claims stated in the instant action are sufficiently

identical to those stated in DeWayne I, II and III and the second prerequisite for res judicata is fulfilled.

Third, the parties are sufficiently identical.  JP Morgan Mortgage and MERS have both been parties to the three previous actions brought by DeWayne.  In this case, DeWayne also seeks to attack "Civil Action No. 1:12-cv-11634-FDS" collaterally by naming it in the complaint as a defendant.  See Dkt. No. 1-2, at 8.  DeWayne, who was not a party to that action, cites no authority for the notion that a prior civil action may be named as a defendant in a subsequent civil action, and the Court is aware of nothing that would support such a contention.  The third and final element of claim preclusion is fulfilled and, thus, the doctrine of res judicata bars plaintiff's claims in the present action.

**ORDER**

For the foregoing reasons, the motion of defendants JP Morgan Mortgage and MERS to dismiss plaintiff's complaint (Dkt. No. 6) is **ALLOWED**.  The outstanding motions related to discovery disputes (Dkt. No. 11 and Dkt. No. 12) are **DENIED** as moot. Furthermore, plaintiff is forewarned that a repetition of this obvious abuse of process may subject him to sanctions and/or loss of the right to file complaints without leave of court. **So ordered.**

                                 /s/ Nathaniel M. Gorton
                                 Nathaniel M. Gorton
                                 United States District Judge

Dated:  October 6, 2022